ZARN, INC. v. SOUTHERN RAILWAY COMPANY

No. 9

(Filed 6 October 1981)

ON plaintiff's petition for discretionary review pursuant to G.S. 7A-31 of the decision of the Court of Appeals, reported at 50 N.C. App. 372, 274 S.E. 2d 251 (1981), affirming jury verdict in the amount of $10,000 in favor of plaintiff entered by *Wood, Judge*, at the 17 December 1979 Civil Session of Superior Court, ROCK-INGHAM County.

Plaintiff instituted this action on 20 March 1978 to recover from defendant, a common carrier for hire, for damage to plaintiff's silos due to defendant's negligence while in transit from Savannah, Georgia, to Reidsville, North Carolina. In its complaint plaintiff sought compensation for the loss of the silos themselves, the additional costs incurred in locating and installing a replacement, and loss of use for the period during which plaintiff was searching for a replacement and requested that it recover $54,764.00 from defendant. Defendant's answer, in pertinent part, denied any negligence or mishandling of the silos on its part and alleged as an affirmative defense to plaintiff's request for special damages that it had not been given notice by plaintiff that the freight was "unique" and that plaintiff would incur special damages if the freight was delayed or damaged. On 23 May 1979 defendant filed a motion for partial summary judgment on plaintiff's request to be compensated for additional costs incurred in locating and installing a replacement and for damages for loss of use and requested that plaintiff's recovery be limited to the dif-

Zarn, Inc. v. Railway Co.

ference between the fair market values of the silos before and after the damage. The motion and arguments were heard by Judge Walker, who allowed defendant's motion as to special or consequential damages incurred by reason of the extra cost of locating and installing replacement equipment, loss of storage capacity and overhead expense resulting from loss of use.

At the final pre-trial conference the parties stipulated that the contested issue to be tried by the jury was "What amount is the plaintiff entitled to recover from the defendant, Southern Railway Company?"

Trial was held on 17 December 1979, at which the judge excluded evidence concerning plaintiff's consequential and special damages. The trial judge instructed the jury that the measure of damages was the difference between the market values of the silos before and after they were damaged. The above-quoted issue was the sole issue submitted to the jury and it returned a verdict for plaintiff in the amount of $10,000.

Plaintiff appealed to the Court of Appeals, bringing forward challenges to the entry of partial summary judgment, to the exclusion of evidence on special damages and to the jury instructions. A unanimous Court of Appeals affirmed, holding that regardless of whether a claim against a common carrier for hire is brought in tort or on a contract the plaintiff is limited to compensation for damage to the freight itself unless the defendant was given notice at the time the contract was made of the circumstances giving rise to the special damages claimed or the contract itself imposes such liability.

We allowed plaintiff's petition for discretionary review pursuant to G.S. 7A-31 on 7 April 1981.

*Gwyn, Gwyn & Morgan, by Julius J. Gwyn, for plaintiff-apellant.*

*Griffin, Deaton & Horsley, by Hugh P. Griffin, Jr., and William F. Horsley, for defendant-appellee.*

PER CURIAM.

Upon review of the record, the briefs and oral arguments of counsel and the authorities there cited, we conclude that the petition was improvidently granted.

The order granting discretionary review is vacated; the decision of the Court of Appeals affirming the actions of the trial court remains undisturbed.